IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| John Gecy, | : |
| Plaintiff, | : Civil Action No.: 9:15-cv-2427-SB |
| v. | : |
| | : **COMPLAINT** |
| Performant Recovery, Inc.; and DOES 1-10, inclusive, | : **AND DEMAND FOR JURY TRIAL** |
| Defendants. | : |

For this Complaint, the Plaintiff, John Gecy, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, John Gecy ("Plaintiff"), is an adult individual residing in Beaufort, South Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Performant Recovery, Inc. ("Performant"), is a California business entity with an address of 333 N Canyons Parkway, Suite 100, Livermore, California 94551, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by Performant and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Performant at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Performant for collection, or Performant was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Performant Engages in Harassment and Abusive Tactics

11. In February 2015, Performant contacted Plaintiff at his place of employment in an attempt to collect the Debt.

12. Plaintiff requested Performant cease all communications to his place of employment.

13. Nevertheless, Performant continued calling Plaintiff's place of employment in an attempt to collect the Debt.

14. Accordingly, Plaintiff provided Performant with an alternate phone number Plaintiff could be reached at, and instructed Performant contact the provided number.

15. Peformant called Plaintiff on the provided number after 9:00PM.

16. Moreover, Performant spoke to Plaintiff in a rude and abusive manner.

17. During a conversation between Performant and Plaintiff, the Creditor was present and witnessed Performant's abusive language toward Plaintiff.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692, *et seq.*

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendant's conduct violated 15 U.S.C. § 1692d(2) in that Defendant used profane and abusive language when speaking with the consumer.

20. Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted Plaintiff at a place and during a time known to be inconvenient for Plaintiff.

21. Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted Plaintiff after 9:00 p.m.

22. Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted Plaintiff at his place of employment, knowing that Plaintiff's employer prohibited such communications.

23. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

24. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass.

25. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4. Punitive damages; and
5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 16, 2015

Respectfully submitted,

By _____

Nathan A. Earle, Esq., Fed. # 10223
P.O. Box 1714
Travelers Rest, SC 29690
Telephone: (864) 915-5228
Facsimile: (888) 953-6237
nathanearle@upstatelegal.net
nearle@lemberglaw.com

4

<u>Of Counsel To</u>
Sergei Lemberg
LEMBERG LAW L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (888) 953-6237

5